(No. 97-CV-1106—)

*In re* APPLICATION OF KELLIE BELLO

*Order filed October 20, 1998.*

KELLIE BELLO, *pro se*.

JIM RYAN, Attorney General (DONALD C. McLAUGHLIN, JR., Assistant Attorney General, of counsel), for Respondent.

608

## ORDER

MITCHELL, J.

This claim arises out of an incident that occurred on September 28, 1996. The Claimant, Kellie Bello, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. 740 ILCS 45/1 *et seq.*

This Court has carefully considered the application for benefits submitted on October 23, 1996, on the form prescribed by the Attorney General and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on September 28, 1996, the Claimant was beaten by an offender who was known to her. The incident occurred at 424 South Fulton, Bradley, Illinois. Police investigation revealed that, prior to the incident, the Claimant was advised to leave this residence by police who were called earlier in the day regarding a domestic dispute at this location. The Claimant then re-entered the residence through a window. The Claimant and the offender became involved in a physical altercation. The offender called the police and the Claimant was again advised by police to leave the offender's residence. No charges were filed regarding this incident.

2. That section 10.1 of the Act indicates factors used to determine entitlement to compensation. Specifically,

section 10.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

3. That it appears from the investigatory report and the police report that prior to the incident the Claimant was advised to leave the offender's residence by police. The Claimant later re-entered the residence through the window.

4. That the Claimant's conduct contributed to her injury to such an extent as to warrant that the Claimant be denied entitlement to compensation.

5. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby, denied.